IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. GARRETT, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * | No. 4:16CV00498-JJV |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, James Garrett, Jr., has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is young, only thirty-seven years old. (Tr. 33.) He is a high school graduate and earned a welding degree at Petit Jean Technical College. (*Id.*, Tr. 37.) His past relevant work

includes work as a repair welder and welder. (Tr. 23.)

Plaintiff alleges he is disabled due to a combination of impairments. (Tr. 80.) The Administrative Law Judge ("ALJ")[1] first found Mr. Garrett had not engaged in substantial gainful activity since January 1, 2012 – the alleged onset date. (Tr. 13.) The ALJ next determined Mr. Garrett has "severe" impairments in the form of degenerative disc disease, obesity, depression, anxiety, and personality disorder. (Tr. 14.) The ALJ further found Mr. Garrett did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 15-16.)

The ALJ determined Mr. Garrett has the residual functional capacity to perform a slightly reduced range of sedentary work. (Tr. 17.) Given this finding, the ALJ concluded Mr. Garrett could no longer perform his past relevant work. (Tr. 23.) So, utilizing the services of a vocational expert (Tr. 67-75), the ALJ determined whether other jobs existed that Mr. Garrett could perform despite his impairments. The ALJ determined that Plaintiff was capable of performing the jobs of clerical worker, machine tender, and cashier. (Tr. 24.) Accordingly, the ALJ determined Mr. Garrett was not disabled. (Tr. 25.)

In support of his Complaint, Plaintiff argues the ALJ erred by determining his thoracic compression fracture and left foot crush injury were not "severe." (Doc. No. 12 at 8-13.) If these impairments were considered to be "severe," they would, by definition, limit Plaintiff's ability to perform basic work activities. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson*

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

*v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). To the contrary, a non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After careful review, I find no error in this regard. First, a diagnosis does not necessarily mean the impairment is "severe." As the Commissioner points out, while Clifford Lamar Evans, M.D., diagnosed the fracture and crush injury, he noted only "mild" limitation as a result. (Tr. 428.) The determination at step two is based *solely* on the medical evidence. *Riley v. Shalala*, 849 F.Supp. 679, 681 (E.D. Ark. 1993), aff'd, 18 F.3d 619 (8th Cir. 1994). And the medical evidence fails to support Plaintiff's argument. Accordingly, I am unable to find reversible error here.

Plaintiff also argues the ALJ's credibility findings were flawed. (Doc. No. 12 at 15-17.) But given the lack of medical evidence to support his allegations, the lack of aggressive treatment, and the lack of restrictions placed on Plaintiff by his physicians, Plaintiff's subjective complaints could be rightly discounted. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). Plaintiff's diagnostic tests showed only minor disc bulging and mild degenerative changes. (Tr. 413-15, 455.) The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). Although Plaintiff disagrees, the ALJ's credibility analysis was proper. The ALJ made specific findings explaining the conclusion. *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). This Court should not

disturb the decision of any ALJ who seriously considers but, for good reasons, explicitly discredits a claimant's testimony of disabling pain and limitation. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

I am sympathetic to Mr. Garrett's claims as he clearly has some limitations. But the overall medical evidence provides substantial support for the ALJ's determination that this young man could perform work at the sedentary exertional level.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 23rd day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE